UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | | |
|---|---|---|
| EDDIE WAYNE HUTCHISON, an individual, on behalf of himself and all others similarly situated | ) ) ) ) | Case No. 2:07-cv-07464-GW-CT |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| R.M. GALICIA, INC., a California Corporation, doing business as PROGRESSIVE MANAGEMENT SYSTEMS; and JOHN and JANE DOES 1 through 10 inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

FINAL ORDER AND JUDGMENT

On November 14, 2007, plaintiff, Eddie Wayne Hutchison (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as "Lawsuit") against defendant, R.M. Galicia, Inc., d/b/a Progressive Management Systems (hereinafter referred to as "PMS"), asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*;

and, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*  PMS denied any and all liability alleged in the Lawsuit.

On May 29, 2008, Plaintiff and PMS (hereinafter jointly referred to as the "Parties") entered into their original Class Action Settlement Agreement.

On December 10, 2008, the Parties filed their original Class Action Settlement Agreement.

On December 18, 2008, PMS provided notice of the proposed class settlement to the various federal and state officials per the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4.

On March 13, 2009, based upon requests from various state officials responding to CAFA notices, the Parties filed an addendum to the original settlement agreement.

On April 6, 2009, the Court held a hearing regarding the proposed class settlement and directed the Parties to submit a revised Class Action Settlement Agreement, incorporating the proposed changes set forth in the addendum, so that there would be one document explaining the settlement terms.

On April 13, 2009, the Parties filed the first revised Class Action Settlement Agreement, incorporating the addendum.

Final Order and Judgment                                              Case No. 2:07-cv-07464-GW-CT

On April 16, 2009, the Court held a second hearing regarding the proposed class settlement.   The Court voiced some concerns regarding ambiguity in the settlement documents and suggested the Parties submit another revised agreement.

On May 12, 2009, the Parties filed their second revised Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), along with a Revised Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

On May 22, 2009, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").   Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "National Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement and Stipulation and [Proposed] Order for Injunction (hereinafter referred to as the "Stipulated Injunction"); (iii) preliminarily appointed Plaintiff as the Class Representative; (iv) preliminarily appointed SHEWRY & VAN DYKE, LLP as Class Counsel; (v) ordered counsel for PMS

to reissue CAFA notices, along with the Agreement; and, (vi) set the date and time for the Fairness Hearing.

On July 2, 2009, the Parties filed their Joint Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion").

On July 9, 2009, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the National Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, the Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto.

2.  <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(2), the Lawsuit is hereby finally certified as a class action on behalf of the following National Class Members:

> All persons residing in the United States who received a telephone call or message from PMS in connection with the collection of a consumer debt incurred primarily for personal, family, or household purposes between November 14, 2003 and May 22, 2009 *i.e.*, the day the Order of Preliminary Approval of Class Action Settlement was entered, wherein PMS failed to disclose (a) the call was from a debt collector, (b) the purpose of the call, (c) its identity, and/or (d) the names or registered aliases of the callers, as required by the FDCPA, or some similar state law.

3.  <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff as the Class Representative and SHEWRY & VAN DYKE, LLP as Class Counsel.

4.  <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.  The National Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.  There are questions of law and fact common to the National Class Members, which predominate over any individual questions;

C.      Plaintiff's claims are typical of the claims of the National Class Members;

D.      Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the National Class Members; and

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy.

5.      The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the national class; and the limited amount of any potential total recovery for the class.

6.      <u>STIPULATED INJUNCTION</u> – The Court finally approves and hereby enters the Stipulated Injunction.  Pursuant to the Stipulated Injunction, PMS is be ordered to use its Best Efforts to ensure that in all telephone communications to a debtor subject to the FDCPA it (a) identifies itself by

stating the name of the business; (b) identifies itself as a "debt collector" and/or "bill collector"; and, (c) states that the purpose of the communication is to collect a debt.  The Parties will submit a joint motion to the Court to extinguish the Stipulated Injunction 12 months after the entry date.    Although its conferencing and reporting obligations will terminate after 1 year, PMS will thereafter continue to use its best efforts to stay in compliance with the appropriate state and federal regulations.

      7.    <u>SETTLEMENT TERMS</u> – The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this court.  The material terms of the agreement include, but are not limited to, the following:

    A.    PMS must comply with the aforementioned Stipulated Injunction;

    B.    PMS must pay Plaintiff $1,500 for his services as the Class Representative and for his individual settlement; and

    C.    PMS must pay Class Counsel a total of $15,000 in attorneys' fees, costs, and expenses.

8.    <u>OBJECTIONS AND EXCLUSIONS</u> – Pursuant to CAFA, PMS notified the appropriate federal and state officials of the proposed settlement twice, with the last notice including the latest iteration of the Agreement that the Court hereby approves.  The Parties adequately addressed the minor concerns raised by a few attorney generals after the first CAFA notice was issued, and those attorney generals subsequently approved the settlement hereby entered by the Court.  Pursuant to Fed. R. Civ. P. 23(b)(2), the National Class Members were not permitted to exclude themselves from the settlement, and so no opportunity for exclusion was provided to the National Class Members.

9.    <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> – The National Class Members, and their successors and assigns fully, finally, and forever settle, release, and discharge the "Released Parties" (as defined in the Agreement) from the "Released Claims" (as defined in the Agreement), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever, ***<u>except</u>*** the National Class Members will have the right to file only a separate individual action against any of the Released Parties for only Money Damages, injunctive relief, and related attorneys' fees.  In other words, the National Class Members are only releasing their right to pursue the Released Claims in a class action against the Released Parties.  Neither the

Agreement, nor the settlement this Court approves, settle or release any of the National Class Members' individual claims for money damages, injunctive relief, or their right to attorneys' fees.

10. Plaintiff fully, finally, and forever settles, releases, and discharges the Released Parties from any and all claims that he may have against the Released Parties, including, but not limited to, the Released Claims and any other claims that were asserted in the Lawsuit. This release includes the release of any claims asserted in the Lawsuit for Money Damages, injunctive relief, and attorneys' fees.

11. The Lawsuit is hereby dismissed with prejudice in all respects.

12. This order is not, and shall not be construed as, an admission by PMS of any liability or wrongdoing in this or in any other proceeding.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Final Order and Judgment                                    Case No. 2:07-cv-07464-GW-CT

13.    The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

<u>ORDER</u>

IT IS SO ORDERED.

DATED:  July 9, 2009

_____
THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT COURT JUDGE

Final Order and Judgment                                    Case No. 2:07-cv-07464-GW-CT